

**FILED**

15cv4505
JUDGE ALONSO
MAG. JUDGE SCHENKIER

MAY 2 1 2015 JN

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY TOMASKA, an individual; <br><br> Plaintiff, <br><br> vs. <br><br> NAVIGANT CONSULTING, INC., a foreign corporation, <br><br> Defendant. | Case No. <br><br><br> **COMPLAINT** <br><br> **JURY DEMAND** |

COMES NOW the Plaintiff Anthony Tomaska, appearing pro se undersigned, and for its causes of action pertaining to the ownership and use of <navigantenergy.com> and against Defendant Navigant Consulting, Inc. and hereby alleges and claims as follows:

### I.     PARTIES, JURISDICTION AND VENUE

1.     Plaintiff Anthony Tomaska is an individual residing in the State of Illinois.

2.     Defendant Navigant Consulting, Inc. ("Navigant") is an Illinois corporation.

3.     Both Navigant and Robinson are subject to specific *in personam* jurisdiction before the Court, having consented to jurisdiction contractually in both ¶ 4 (k) of the Uniform Domain Name Registration Policy (UDRP) annexed hereto as **Annex A** (submission to mutual jurisdiction of subsequent court proceedings) and filing

1

before the National Arbitration Forum (NAF) annexed collectively hereto as **Annex B at Complaint ¶ VIII (designation of mutual jurisdiction)**. Defendant selected the "location of the Plaintiff" of the domain in dispute.

4.     On May 11, 2012, the National Arbitration Forum (NAF), in non-binding arbitration, issued a written decision annexed hereto as **Annex C** (the "UDRP Action") ordering that the domain <navigantenergy.com> (the "Disputed Domain") be transferred to Navigant.

5.     This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 *et seq.*, and 28 U.S.C. §§ 2201 - 2202. This Court also has jurisdiction under 28 U.S.C. §§ 1331, and 1338(a); and under Arizona's "long arm" statute, as well as through Fed R. Civ. P. 4(K)(1)(A).

6.     This Court has specific personal jurisdiction of the Defendants regardless of their consent as a matter of law.

7.     Venue in this district is proper under 28 U.S.C. §§ 1391 and 1400(b), and under 15 U.S.C. §§ 1125.

## II.     PRELIMINARY STATEMENT

8.     The Plaintiff in this case registered the Disputed Domain in good-faith before Defendant had accrued any trademark rights. In May of 2015, the Disputed Domain was ordered to be transferred from Plaintiff to Defendant following arbitration before the NAF, despite clear evidence that the Plaintiff registered the Disputed Domain in good-faith and that the Defendant had no trademark rights.

## GENERAL ALLEGATIONS

2

9. Plaintiff is a good faith registrant of the Disputed Domain. Plaintiff has been making use of the generic expression "Navigant" in commerce since 2006, before the Defendant accrued trademark rights.

8. Evidence of the Plaintiff's prior use of the "Navigant" expression, and priority rights, include inter alia:

> a. A business entity detail report from the Illinois Secretary of State for Navigant Development, LLC attached hereto as **Exhibit D**, showing that the Plaintiff originally organized Navigant Development, LLC on April 21, 2006. The actual Articles of Organization for Navigant Development, LLC are annexed hereto as **Exhibit E**, dated April 21, 2006;

> b. A Federal Tax ID number issued by the IRS on April 27, 2006 to Navigant Development, Inc., annexed hereto as **Exhibit F**; and

> c. GoDaddy registration records from November 3, 2006 for the domains <navigantdevelopment.com>, <navigantfilms.com>, and <navigantproducts.com>, collectively annexed hereto as **Exhibit G**. These domain records show that the Plaintiff was registering, and making use of, navigant-formative domains in 2006, before the Defendant accrued trademark rights in 2008 (or even filed for its marks in 2007).

9. Plaintiff formed Navigant Development, LLC as real estate holding company, and has used it for that purpose for nearly a decade. It is important to point out that the Defendant has misrepresented each of the registration dates of its trademarks.



Although the Defendant asserts that its marks were all registered on June 15, 2007 in the Complaint; in fact, the Defendant merely applied for these marks on those dates and the marks were not registered until June, July and August of 2008 – well after the Plaintiff began using "navigant" in commerce. This misrepresentation constitutes a fraud on the Panel and an attempt to push the perception of trademark accrual more than year backwards in time.

10. The Plaintiff has never used the Disputed Domain to attract the Defendant's customers, and has never even derived cost-per-click revenue from the Disputed Domain. Furthermore, as shown below, the word "Navigant" is a generic verb in the Latin language (and many other Romantic languages) in which it means "sailing."

11. Defendant had no registered trademark when the Plaintiff began using the "navigant" expression in commerce in 2006. The Defendant makes no reference to trademark rights of any kind in 2006, much less has the Defendant established secondary meaning or common law rights. This UDRP Complaint is a desperate attempt to try and strip the Disputed Domain from the Plaintiff simply because the Defendant wants it.

12. Plaintiff Tomaska is a good-faith registrant of the Disputed Domain, and seeks declaratory judgment of such.

13. Defendant had no *bona fide* basis for commencing the UDRP proceeding, and as such committed reverse domain name hijacking under the Anti-cybersquatting Consumer Protection Act (ACPA).



## FIRST CAUSE OF ACTION
## DECLARATORY JUDGMENT

14.   Plaintiff realleges and reincorporate each of the preceding paragraphs as though fully set forth herein.

15.   Plaintiff registered the Disputed Domain in good-faith and seeks a declaration of this Court:

> (a) affirming the Plaintiff's good-faith registration and consequent invalidity of the decision and transfer order in the UDRP proceeding; and

> (b) a declaration of non-similarity between the Disputed Domain and the Disputed Domain and the Mark.

> **(c)** Vesting ownership of the Disputed Domain in Plaintiff or his designee.

## PRAYER FOR RELIEF

WHEREFORE, on the above claims, Plaintiff prays for judgment against Defendant as follows:

1.   That the Court declares that the domain <navigantenergy.com> is the property of Anthony Tomaska and all Defendant's claims thereto are extinguished.

2.   That Defendant be ordered to:

> (a) Pay compensatory, incidental, consequential and other damages to Plaintiff for injuries sustained as a consequence of the acts complained of, in an amount to be proved at trial;

> (b) Pay statutory damages to Plaintiff of $100,000 for Defendant's violation of the ACPA reverse domain name hijacking provisions;



5

(c) Pay all of Plaintiff's costs, attorney fees, and litigation expenses in

recovering the Disputed Domain, pursuant to A.R.S. § 12-341.01, 12-349

or any other statutory basis providing for such relief;

(d) File with this Court and serve on Plaintiff an affidavit setting forth in detail

the manner and form of Defendant's compliance with the terms of this

Court's injunctive orders.

3.    For any other such relief as the Court may deem necessary.

## JURY DEMAND

Plaintiff demands a Jury Trial.

DATED AND SIGNED this 20th day of May, 2015.

Plaintiff Anthony J Tomaska

Anthony J Tomaska
Plaintiff
1419 North Wells St- 2nd Floor Rear
Chicago, IL 60610
312-493-7200

# EXHIBIT A



# Uniform Domain Name
# Dispute Resolution Policy

Policy Adopted: August 26, 1999
Implementation Documents Approved: October 24, 1999

**ICANN**

---

**Notes:**

**1. This policy is now in effect. See www.icann.org/udrp/udrp-schedule.htm for the implementation schedule.**

**2. This policy has been adopted by all accredited domain-name registrars for domain names ending in .com, .net, and .org. It has also been adopted by certain managers of country-code top-level domains (e.g., .nu, .tv, .ws).**

**3. The policy is between the registrar (or other registration authority in the case of a country-code top-level domain) and its customer (the domain-name holder or registrant). Thus, the policy uses "we" and "our" to refer to the registrar and it uses "you" and "your" to refer to the domain-name holder.**

---

## Uniform Domain Name Dispute Resolution Policy

(As Approved by ICANN on October 24, 1999)

**1. Purpose.** This Uniform Domain Name Dispute Resolution Policy (the "Policy") has been adopted by the Internet Corporation for Assigned Names and Numbers ("ICANN"), is incorporated by reference into your Registration Agreement, and sets forth the terms and conditions in connection with a dispute between you and any party other than us (the registrar) over the registration and use of an Internet domain name registered by you. Proceedings under Paragraph 4 of this Policy will be conducted according to the Rules for Uniform Domain Name Dispute Resolution Policy (the "Rules of Procedure"), which are available at www.icann.org/udrp/udrp-rules-24oct99.htm, and the selected administrative-dispute-resolution service provider's supplemental rules.

**2. Your Representations.** By applying to register a domain name, or by asking us to maintain or renew a domain name registration, you hereby represent and warrant to us that (a) the statements that you made in your Registration Agreement are complete and accurate; (b) to your knowledge, the registration of the domain name will not infringe upon or otherwise violate the rights of any third party; (c) you are not registering the domain name for an unlawful purpose; and (d) you will not knowingly use the domain

name in violation of any applicable laws or regulations. It is your responsibility to determine whether your domain name registration infringes or violates someone else's rights.

**3. Cancellations, Transfers, and Changes.** We will cancel, transfer or otherwise make changes to domain name registrations under the following circumstances:

> a. subject to the provisions of Paragraph 8, our receipt of written or appropriate electronic instructions from you or your authorized agent to take such action;

> b. our receipt of an order from a court or arbitral tribunal, in each case of competent jurisdiction, requiring such action; and/or

> c. our receipt of a decision of an Administrative Panel requiring such action in any administrative proceeding to which you were a party and which was conducted under this Policy or a later version of this Policy adopted by ICANN. (See Paragraph 4(i) and (k) below.)

We may also cancel, transfer or otherwise make changes to a domain name registration in accordance with the terms of your Registration Agreement or other legal requirements.

**4. Mandatory Administrative Proceeding.**

This Paragraph sets forth the type of disputes for which you are required to submit to a mandatory administrative proceeding. These proceedings will be conducted before one of the administrative-dispute-resolution service providers listed at www.icann.org/udrp/approved-providers.htm (each, a "Provider").

> **a. Applicable Disputes.** You are required to submit to a mandatory administrative proceeding in the event that a third party (a "complainant") asserts to the applicable Provider, in compliance with the Rules of Procedure, that

>> (i) your domain name is identical or confusingly similar to a trademark or service mark in which the complainant has rights; and

>> (ii) you have no rights or legitimate interests in respect of the domain name; and

>> (iii) your domain name has been registered and is being used in bad faith.

In the administrative proceeding, the complainant must prove that each of these three elements are present.

> **b. Evidence of Registration and Use in Bad Faith.** For the purposes of Paragraph 4(a)(iii), the following circumstances, in particular but without

limitation, if found by the Panel to be present, shall be evidence of the registration and use of a domain name in bad faith:

> (i) circumstances indicating that you have registered or you have acquired the domain name primarily for the purpose of selling, renting, or otherwise transferring the domain name registration to the complainant who is the owner of the trademark or service mark or to a competitor of that complainant, for valuable consideration in excess of your documented out-of-pocket costs directly related to the domain name; or

> (ii) you have registered the domain name in order to prevent the owner of the trademark or service mark from reflecting the mark in a corresponding domain name, provided that you have engaged in a pattern of such conduct; or

> (iii) you have registered the domain name primarily for the purpose of disrupting the business of a competitor; or

> (iv) by using the domain name, you have intentionally attempted to attract, for commercial gain, Internet users to your web site or other on-line location, by creating a likelihood of confusion with the complainant's mark as to the source, sponsorship, affiliation, or endorsement of your web site or location or of a product or service on your web site or location.

**c. How to Demonstrate Your Rights to and Legitimate Interests in the Domain Name in Responding to a Complaint.** When you receive a complaint, you should refer to Paragraph 5 of the Rules of Procedure in determining how your response should be prepared. Any of the following circumstances, in particular but without limitation, if found by the Panel to be proved based on its evaluation of all evidence presented, shall demonstrate your rights or legitimate interests to the domain name for purposes of Paragraph 4(a)(ii):

> (i) before any notice to you of the dispute, your use of, or demonstrable preparations to use, the domain name or a name corresponding to the domain name in connection with a bona fide offering of goods or services; or

> (ii) you (as an individual, business, or other organization) have been commonly known by the domain name, even if you have acquired no trademark or service mark rights; or

> (iii) you are making a legitimate noncommercial or fair use of the domain name, without intent for commercial gain to misleadingly divert consumers or to tarnish the trademark or service mark at issue.

**d. Selection of Provider.** The complainant shall select the Provider from

among those approved by ICANN by submitting the complaint to that Provider. The selected Provider will administer the proceeding, except in cases of consolidation as described in Paragraph 4(f).

**e. Initiation of Proceeding and Process and Appointment of Administrative Panel.** The Rules of Procedure state the process for initiating and conducting a proceeding and for appointing the panel that will decide the dispute (the "Administrative Panel").

**f. Consolidation.** In the event of multiple disputes between you and a complainant, either you or the complainant may petition to consolidate the disputes before a single Administrative Panel. This petition shall be made to the first Administrative Panel appointed to hear a pending dispute between the parties. This Administrative Panel may consolidate before it any or all such disputes in its sole discretion, provided that the disputes being consolidated are governed by this Policy or a later version of this Policy adopted by ICANN.

**g. Fees.** All fees charged by a Provider in connection with any dispute before an Administrative Panel pursuant to this Policy shall be paid by the complainant, except in cases where you elect to expand the Administrative Panel from one to three panelists as provided in Paragraph 5(b)(iv) of the Rules of Procedure, in which case all fees will be split evenly by you and the complainant.

**h. Our Involvement in Administrative Proceedings.** We do not, and will not, participate in the administration or conduct of any proceeding before an Administrative Panel. In addition, we will not be liable as a result of any decisions rendered by the Administrative Panel.

**i. Remedies.** The remedies available to a complainant pursuant to any proceeding before an Administrative Panel shall be limited to requiring the cancellation of your domain name or the transfer of your domain name registration to the complainant.

**j. Notification and Publication.** The Provider shall notify us of any decision made by an Administrative Panel with respect to a domain name you have registered with us. All decisions under this Policy will be published in full over the Internet, except when an Administrative Panel determines in an exceptional case to redact portions of its decision.

**k. Availability of Court Proceedings.** The mandatory administrative proceeding requirements set forth in Paragraph 4 shall not prevent either you or the complainant from submitting the dispute to a court of competent jurisdiction for independent resolution before such mandatory administrative proceeding is commenced or after such proceeding is concluded. If an Administrative Panel decides that your domain name registration should be canceled or transferred, we will wait ten (10) business days (as observed in the location of our principal office) after we are informed by the applicable Provider of the Administrative Panel's decision before implementing that decision. We will then implement the decision unless we have received from

you during that ten (10) business day period official documentation (such as a copy of a complaint, file-stamped by the clerk of the court) that you have commenced a lawsuit against the complainant in a jurisdiction to which the complainant has submitted under Paragraph 3(b)(xiii) of the Rules of Procedure. (In general, that jurisdiction is either the location of our principal office or of your address as shown in our Whois database. See Paragraphs 1 and 3(b)(xiii) of the Rules of Procedure for details.) If we receive such documentation within the ten (10) business day period, we will not implement the Administrative Panel's decision, and we will take no further action, until we receive (i) evidence satisfactory to us of a resolution between the parties; (ii) evidence satisfactory to us that your lawsuit has been dismissed or withdrawn; or (iii) a copy of an order from such court dismissing your lawsuit or ordering that you do not have the right to continue to use your domain name.

**5. All Other Disputes and Litigation.** All other disputes between you and any party other than us regarding your domain name registration that are not brought pursuant to the mandatory administrative proceeding provisions of Paragraph 4 shall be resolved between you and such other party through any court, arbitration or other proceeding that may be available.

**6. Our Involvement in Disputes.** We will not participate in any way in any dispute between you and any party other than us regarding the registration and use of your domain name. You shall not name us as a party or otherwise include us in any such proceeding. In the event that we are named as a party in any such proceeding, we reserve the right to raise any and all defenses deemed appropriate, and to take any other action necessary to defend ourselves.

**7. Maintaining the Status Quo.** We will not cancel, transfer, activate, deactivate, or otherwise change the status of any domain name registration under this Policy except as provided in Paragraph 3 above.

**8. Transfers During a Dispute.**

    **a. Transfers of a Domain Name to a New Holder.** You may not transfer your domain name registration to another holder (i) during a pending administrative proceeding brought pursuant to Paragraph 4 or for a period of fifteen (15) business days (as observed in the location of our principal place of business) after such proceeding is concluded; or (ii) during a pending court proceeding or arbitration commenced regarding your domain name unless the party to whom the domain name registration is being transferred agrees, in writing, to be bound by the decision of the court or arbitrator. We reserve the right to cancel any transfer of a domain name registration to another holder that is made in violation of this subparagraph.

    **b. Changing Registrars.** You may not transfer your domain name registration to another registrar during a pending administrative proceeding brought pursuant to Paragraph 4 or for a period of fifteen (15) business days (as observed in the location of our principal place of business) after such proceeding is concluded. You may transfer administration of your domain name registration to another registrar during a pending court action or

arbitration, provided that the domain name you have registered with us shall continue to be subject to the proceedings commenced against you in accordance with the terms of this Policy. In the event that you transfer a domain name registration to us during the pendency of a court action or arbitration, such dispute shall remain subject to the domain name dispute policy of the registrar from which the domain name registration was transferred.

**9. Policy Modifications.** We reserve the right to modify this Policy at any time with the permission of ICANN. We will post our revised Policy at least thirty (30) calendar days before it becomes effective. Unless this Policy has already been invoked by the submission of a complaint to a Provider, in which event the version of the Policy in effect at the time it was invoked will apply to you until the dispute is over, all such changes will be binding upon you with respect to any domain name registration dispute, whether the dispute arose before, on or after the effective date of our change. In the event that you object to a change in this Policy, your sole remedy is to cancel your domain name registration with us, provided that you will not be entitled to a refund of any fees you paid to us. The revised Policy will apply to you until you cancel your domain name registration.

---

Comments concerning the layout, construction and functionality of this site should be sent to webmaster@icann.org.

Page Updated 05-Feb-2002

©2000, 2002 The Internet Corporation for Assigned Names and Numbers. All rights reserved.

# EXHIBIT B

## AMENDED COMPLAINT TRANSMITTAL COVER SHEET

| | |
|---|---|
| **To:** | Anthony Tomaska / Magnificent Mile Productions, Respondent |
| **From:** | Navigant Consulting, Inc., Complainant |
| **CC:** | National Arbitration Forum |
| **Date:** | March 27, 2015 |
| **RE:** | <navigantenergy.com> |

The attached Amended Complaint has been filed against you with the National Arbitration Forum (the "Forum") pursuant to the Uniform Domain Name Dispute Resolution Policy (the "Policy"), adopted by the Internet Corporation for Assigned Names and Numbers ("ICANN") on October 24, 1999, and incorporated in your Registration Agreement with the Registrar of your domain name(s). By submitting this Complaint to the Forum, the Complainant agrees to abide and be bound by the provisions of the Policy, the ICANN Rules, and the Forum's Supplemental Rules.

**Until you are notified by the Forum that a proceeding has commenced, you have no duty to act with regard to this Complaint.**

- The Forum will examine the Complaint to determine whether it conforms to the ICANN Policy, Rules, and the Supplemental Rules.

- If the Complaint conforms to those standards, the Forum will forward an official copy of the Complaint to you.

- *Once the official Complaint is forwarded to you*, you will have **twenty (20)** calendar days to submit a Response to both the Forum and the Complainant in accordance with the Policy, Rules, and Supplemental Rules.

- You may seek legal assistance to represent you in this administrative proceeding.

The Policy and Rules governing this proceeding can be found at:

ICANN UDRP Policy http://www.icann.org/udrp/udrp-policy-24oct99.htm

ICANN UDRP Rules http://www.icann.org/en/dndr/udrp/uniform-rules.htm

Forum Supplemental Rules http://domains.adrforum.com/resource.aspx?id=1540

Alternatively, you may contact the Forum to obtain any of the above documents.

Telephone: 800-474-2371 or 952-516-6400

E-mail: domaindispute@adrforum.com

**Please provide the Forum with the email address where the official Complaint and other communications in the administrative proceeding should be sent.**



Navigant Consulting, Inc.,
30 South Wacker Drive, Suite 3550,
Chicago, IL 60606,

**(Complainant),**

v.

Anthony Tomaska
Magnificent Mile Productions
1419 N Wells St
2 Floor Rear
Chicago, IL 60610,

**(Respondent).**

**Domain Names In Dispute:**
<navigantenergy.com>

## COMPLAINT IN ACCORDANCE WITH THE
## UNIFORM DOMAIN NAME DISPUTE RESOLUTION POLICY

[1.]     This Amended Complaint is hereby submitted for decision in accordance with the
Uniform Domain Name Dispute Resolution Policy (UDRP), adopted by the Internet Corporation
for Assigned Names and Numbers (ICANN) on August 26, 1999, and approved by ICANN on
October 24, 1999, the Rules for Uniform Domain Name Dispute Resolution Policy (UDRP
Rules) effective March 1, 2010, and the National Arbitration Forum (Forum) Supplemental
Rules (Supp. Rules). UDRP R. 3(b)(i).

[2.]     **COMPLAINANT INFORMATION**

Name:          Navigant Consulting, Inc.
Address:       30 South Wacker Drive, Suite 3550
               Chicago, IL 60606
Telephone:     312-573-5600
Fax:           312-573-5678
E-Mail:        dawn.cassie@navigantconsulting.com

[3.]     **COMPLAINANT AUTHORIZED REPRESENTATIVE, IF ANY**

Name:          Maureen Beacom Gorman and James E. Griffith
               Marshall, Gerstein & Borun LLP
Address:       233 South Wacker Drive, Suite 6300
               Chicago, Illinois 60606
Telephone:     312-474-6300
Fax:           312-474-0448
E-Mail:        jgriffith@marshallip.com

mgorman@marshallip.com

UDRP R. 3(b)(ii).

Complainant's preferred contact person for correspondence relating to this case:

| | |
|---|---|
| Contact Names: | Maureen Beacom Gorman |
| | James E. Griffith |
| Contact Emails: | mgorman@marshallip.com |
| | jgriffith@marshallip.com |

UDRP R. 3(b)(iii).

Pursuant to ICANN R. 3(b)(iv), Complainant chooses to have this dispute heard before a **single member** panel.

### [4.] RESPONDENT INFORMATION

| | |
|---|---|
| Name: | Anthony Tomaska / Magnificent Mile Productions |
| Address: | 1419 N Wells St |
| | 2 Floor Rear |
| | Chicago, IL 60610 |
| Telephone: | 312.493.7200 |
| Fax: | N/A |
| E-Mail: | ajtomaska@theaterland.com |

### [5.] RESPONDENT AUTHORIZED REPRESENTATIVE, IF KNOWN

| | |
|---|---|
| Name: | Not known to Complainant |
| Address: | Not known to Complainant |
| Telephone: | Not known to Complainant |
| Fax: | Not known to Complainant |
| E-Mail: | Not known to Complainant |

ICANN R. 3(b)(v).

### [6.] DISPUTED DOMAIN NAME, REGISTRAR, AND TRADEMARK

[a.]    The following domain names are the subject of this Complaint:

<navigantenergy.com>.

ICANN R. 3(b)(vi).

[b.]    Registrar Information:

| | |
|---|---|
| Name: | GoDaddy.com LLC |

| | |
|---|---|
| Address: | 14455 North Hayden Rd., Suite 219 |
| | Scottsdale, AZ 85260 |
| Telephone: | 480.505.8877 |
| Fax: | 480.624.2546 |
| E-Mail: | domaindisputes@godaddy.com |

UDRP R. 3(b)(vii).

[c.]    Trademark/Service Mark Information:

The mark at issue is NAVIGANT, Complainant's federally registered trademark for goods and services in International Classes 9, 35, 36, 42 and 45, including, among others, computer programs and business consulting services.

ICANN R. 3(b)(viii).

[7.]   **FACTUAL AND LEGAL GROUNDS**

**FACTUAL BACKGROUND**

**Complainant's Business and Website**

Navigant Consulting, Inc. ("Navigant") is a global expert services firm that offers business consulting and other related goods and services in a number of industries, including technology, chemicals, construction, energy, financial services, government, healthcare, legal, life sciences, manufacturing, media and entertainment, real estate, telecommunications, and transportation, to name a few. Today, Navigant has offices throughout the United States, as well as in Europe, Qatar, the United Arab Emirates, China, and Singapore. *See* Printouts from Navigant's website at www.navigant.com, attached hereto as Exhibit B.

Navigant incorporated in the State of Delaware in 1996 under the trade name "Navigant Consulting, Inc." *See* Delaware Secretary of State Corporate Records, attached hereto as Exhibit C. On May 19, 1999, Navigant registered the domain name <navigantconsulting.com> to be used in connection with promoting its consulting services under the NAVIGANT mark (hereinafter referred to as the "Navigant Website"). *See* WHOIS records for the Navigant Website, attached hereto as Exhibit D. Navigant has operated the Navigant Website continuously since May 19, 1999, prominently displaying the NAVIGANT mark. *See* Printouts from the Navigant Website as of May 12, 2001, attached hereto as Exhibit E. The website lists various services offered by Navigant under the NAVIGANT mark, including consulting services in the energy industry. *See id.*; Exhibit B. In addition to the <navigantconsulting.com> domain name, Navigant owns 34 other domain names containing the NAVIGANT mark. *See* Chart listing domain names owned by Navigant, attached hereto as Exhibit F.

Due to its exceptional services, Navigant has received numerous accolades and publicity, including but not limited to: 200 Best Run Small Companies (Forbes – 2005; 2009); 100 Fastest Growing Companies (Fortune Magazine – 2005); Hot Growth Companies (Business Week – 2006); Fortune 40: Stocks to Retire On (Fortune Magazine – 2007), and Best Places to Launch a Career (Business Week – 2007). Copies of the relevant pages of the above-referenced publications are attached hereto as Exhibit G.

Navigant owns numerous *incontestable* trademark registrations for marks consisting of or incorporating NAVIGANT, including but not limited to United States registrations for NAVIGANT (U.S. Registration No. 3,452,419), NAVIGANT & Design (U.S. Registration No. 3,456,793), and NAVIGANT CONSULTING (U.S. Registration No. 3,456,794) (collectively, the "NAVIGANT Marks"). Details regarding the NAVIGANT Marks are included in the chart below, and copies of the certificates of registration and status sheets from the United States Patent and Trademark Office's TSDR database are attached hereto as Exhibit H.

| Mark | Goods/Services | First Use In Commerce Date | Reg. Date | Reg. No. | Status |
|------|----------------|----------------------------|-----------|----------|--------|
| NAVIGANT | 9, 35, 36, 45 | June 14, 1999 | 6/15/2007 | 3,452,419 | Incontestable |
| NAVIGANT | 9, 35, 36, 45 | Cl. 9: Aug. 4, 2005 <br><br> Cl. 35, 36, 45: March 28, 2003 | 6/15/2007 | 3,456,793 | Incontestable |
| NAVIGANT CONSULTING | 9, 35, 36, 45 | Cl. 9: Aug. 4, 2005 <br><br> Cl. 35, 36, 45: June 14, 1999 | 6/015/2007 | 3,456,794 | Incontestable |

Navigant also owns registrations for the NAVIGANT Marks in numerous other countries, including Bermuda, Brazil, Canada, China, the European Community, Hong Kong, Mexico, Republic of Singapore, Saudi Arabia, and the United Arab Emirates. *See* Chart listing Navigant's international trademark registrations, attached hereto as Exhibit I. These registrations cover identical or similar services to those listed in the above chart.

Navigant has expended enormous financial resources marketing the NAVIGANT Marks throughout the United States and the world. These marketing efforts include internet advertisements and media and print advertisements, such as weekly ads in the Wall Street Journal since 2006 and ads in the Chicago O'Hare International Airport as well as other international airports prominently displaying the NAVIGANT Marks since 2005 (collectively referred to as "Navigant's Advertisements"). *See* Representative samples of Navigant's airport advertisements, attached hereto as Exhibit J. Through Navigant's Advertisements, promotional efforts, and dedication to providing high-quality services, the NAVIGANT Marks have become famous and have earned extensive goodwill worldwide for consulting services.

**Relationship Between the Parties**

No business relationship exists or has ever existed between Navigant and Respondent. Respondent does not have, and never has had, permission to use the NAVIGANT Marks.

**Respondent's Business and Website**

The domain name <navigantenergy.com> was registered and renewed each year by Anthony Tomaska and Magnificent Mile Productions ("Respondent") since April 3, 2012. *See* WHOIS records captured on: April 4, 2012; April 3, 2013; April 5, 2014; and March 27, 2015 showing Respondent as the registrant of the <navigantenergy.com> domain name, attached hereto as Exhibit K. Based on information and belief, Magnificent Mile Productions is a film and theater production company operating in Chicago, Illinois.

**Communications with Respondent**

In December 2014, Navigant, through outside counsel, contacted Respondent asserting its rights to NAVIGANT and its concerns related to the registration of <navigantenergy.com> by Respondent. The disputed domain name did not resolve to an active site. Respondent conducted a teleconference with Navigant's counsel on December 19, 2014, wherein Respondent indicated he had no intent to use the domain name and was willing to transfer the domain to resolve the dispute. Navigant offered respondent $50 for the transfer, the estimated cost incurred by Respondent for the three years of registration (2012-2015). Group Exhibit L contains e-mail correspondence to Respondent on December 19, 2015, summarizing the teleconference.

Respondent failed to respond to repeated attempts to finalize the settlement between December and February. Dawn Cassie of Navigant sent e-mail correspondence to Respondent, as well as Respondent's previous counsel (E. Gallo of the Gallo Law Group, Ltd.) to finalize the settlement on January 30, 2015. *See* Group Exhibit L, correspondence from Dawn Cassie to E. Gallo and Respondent. Navigant, through outside counsel, followed up again via express mail on February 4, 2015. Respondent declined Navigant's offer of $50 in early March, 2015. Navigant's second offer of $1,750 was accepted by Respondent on March 11, 2015 via teleconference. Navigant, through counsel, informed Respondent that it would draft the required settlement agreement.

On March 22, 2015, Respondent informed Navigant that it would be transferring the domain name to a third-party. *See* Exhibit M. Prior to March 23, 2015, the domain name did not resolve to an active website. Since, March 23, 2015, the disputed domain name resolves to a landing page displaying the image of an energy drink that proclaims, "Introducing America's Newest Energy Drink, Coming Soon, Navigant Energy, Keeps you sailing all day." See Exhibit N, a copy of <navigantenergy.com> as of March 27, 2015. The domain name remains registered to Respondent.

## LEGAL ARGUMENT

### FIRST ELEMENT: The disputed domain name is identical or confusingly similar to the NAVIGANT Marks.

Navigant's numerous United States and foreign trademark registrations for the NAVIGANT Marks establish Navigant's prior rights pursuant to ICANN Policy ¶ 4(a)(i). *Vivendi Universal Games v. XBNetVentures Inc.*, FA 198803 (Nat'l Arb. Forum Nov. 11, 2003) (stating that "[c]omplainant's federal trademark registrations establish Complainant's rights in the BLIZZARD mark"). Moreover, Navigant first adopted the NAVIGANT mark in the United States in 1996, and it has established strong trademark rights in the NAVIGANT Marks through its extensive advertising and use in the United States and throughout the world. *See* Exhibits B, G, H, & J; *see also Zee TV USA, Inc. v. Siddiqi*, FA 721969 (Nat'l Arb. Forum July 18, 2006) (finding that the complainant need not own a valid trademark registration for the ZEE CINEMA mark in order to demonstrate its rights in the mark under Policy ¶ 4(a)(i)); *see also SeekAmerica Networks Inc. v. Masood*, D2000-0131 (WIPO Apr. 13, 2000) (finding that complainant's trademark or service mark does not need to be registered by a government authority or agency for rights to exist).

Under U.S. trademark law, registered marks are presumed to be inherently distinctive. *See Janus Int'l Holding Co. v. Rademacher*, D2002-0201 (WIPO Mar. 5, 2002) (stating that "[p]anel decisions have held that registration of a mark is *prima facie* evidence of validity, which creates a rebuttable presumption that the mark is inherently distinctive"). Consequently, Respondent bears the burden of refuting the presumption of validity. *Id.*

Here, Respondent's <navigantenergy.com> domain name wholly incorporates the NAVIGANT mark. Respondent's inclusion of the descriptive word "energy" in the disputed domain name is a minor alteration to Navigant's registered marks and is without significance. *See Seiko Epson Corp. & Epson America, Inc. v. Bradley McKeown*, FA 1312058 (Nat'l Arb. Forum April 20, 2010) (holding that a domain name that "incorporates the dominant feature of Complainant's mark, adds descriptive terms related to Complainant's business, and adds the generic top-level domain . . . are minor alterations to Complainant's registered mark and, as such" is still "confusingly similar to Complainant's mark pursuant to Policy 4(a)(i)."); *Whitney Nat'l Bank v. Easynet Ltd*, FA 944330 (Nat'l Arb. Forum April 30, 2007) ("The additions of generic words with an obvious relationship to Complainant's business and a gTLD renders the disputed domain name confusingly similar to Complainant's mark pursuant to Policy ¶ 4(a)(i)."); *Disney Enters. Inc. v. McSherry*, FA 154589 (Nat'l Arb. Forum June 17, 2003) (finding the <disneyvacationvillas.com> domain name to be confusingly similar to complainant's DISNEY mark because it incorporated complainant's entire famous mark and merely added two terms to it). Complainant offers its consulting and other services to clients in the energy industry, among others. Accordingly, Respondent's mere inclusion of the word "energy," which is related to Navigant's services, does not distinguish the disputed domain name from the NAVIGANT Marks.

The use of the generic top-level domain ".com" also is without significance under Policy ¶ 4(a)(i). *See InfoSpace.com, Inc. v. Ofer*, D2000-0075 (WIPO Apr. 27, 2000) (finding that "[t]he domain name 'info-space.com' is identical to Complainant's INFOSPACE trademark. The addition of a hyphen and .com are not distinguishing features"). Respondent's use of the gTLD ".com" does not distinguish its domain name from the NAVIGANT Marks.

Navigant satisfies the first element of Policy ¶ 4(a), as the disputed domain name wholly incorporates the NAVIGANT mark and includes minor alterations only – the inclusion of the gTLD ".com" and the descriptive term "energy."

## SECOND ELEMENT: Respondent has no rights or legitimate interests in the disputed domain name.

Respondent has no rights or legitimate interests in the disputed domain name. Conversely, Navigant's longstanding use of the NAVIGANT Marks predates any rights Respondent may claim in the disputed domain name. Further, the disputed domain name wholly incorporates the NAVIGANT mark, which negates any presumption of Respondent's legitimate use. *See eBay Inc. v. Hong*, D2000-1633 (WIPO Jan. 18, 2001) (stating that the respondent's use of the complainant's entire mark in the domain name makes it difficult to infer any legitimate use).

Pursuant to Policy ¶ 4(c), a Panel may consider the following non-exhaustive factors to determine whether a respondent has any rights or legitimate interests in the disputed domain name:

(i) Before any notice of the dispute, respondent's use of, or demonstrable preparations to use, the domain name or a name corresponding to the domain name in connection with a bona fide offering of goods or services; or

(ii) Before any notice of the dispute, respondent's use of, or demonstrable preparations to use, the domain name or a name corresponding to the domain name in connection with a bona fide offering of goods or services; or

(iii) Respondent is making a legitimate noncommercial or fair use of the domain name, without intent for commercial gain to misleadingly divert consumers or to tarnish the trademark or service mark at issue.

Although Navigant must make a *prima facie* showing that Respondent has no rights or legitimate interests in the mark, the burden of proof is light since evidence of this element lies most directly within Respondent's own knowledge. *Ebay Inc. v. Wangming*, D2006-1107 (WIPO Dec. 28, 2006). Once Navigant meets that light burden, the evidentiary burden shifts to Respondent to rebut the showing. *Id.* In this case, the evidence shows that Respondent lacks any rights or legitimate interests in the <navigantenergy.com> domain name.

    (a)    **Prior to notice of the dispute, Respondent did not use, and had no intent to use, the disputed domain name in connection with a *bona fide* offering of goods or services or any legitimate noncommercial or fair use of the domain.**

Prior to any notice of the dispute, Respondent did not use the disputed domain name in connection with a *bona fide* offering of goods or services. Respondent's statements in December 2014, summarized in Group Exhibit L, indicate that Respondent had no intent to use the registered domain name. Further, prior to March 23, 2015, the disputed domain name did not resolve to an active website. The nearly three year period during which the Registrant owned, but did not use the website between April 3, 2012, and March 22, 2015, demonstrates that Respondent did not use the domain name in connection with a *bona fide* offering of goods or services. Passive holding, or inactive use, does not constitute a *bona fide* offering of goods or services or a legitimate noncommercial or fair use of a domain name. *See Citigroup Inc. and Primerica Financial Services, Inc. v. Marc Gahary and gahary.com*, FA 298515 (Nat. Arb. Forum Feb. 3, 2010) (in finding that Complainant satisfied the elements of ICANN Policy ¶ 4(a)(ii), the Panel stated "Respondent is not currently making an active use of the <primerica.org> domain name and therefore cannot demonstrate that its use of the disputed domain name constitutes either a bona fide offering of goods or services under Policy ¶ 4(c)(i) or a legitimate noncommercial or fair use under Policy ¶ 4(c)(iii)."); see also *Bloomberg L.P. v. SC Media Servs. & Info. SRL*, FA 296583 (Nat. Arb. Forum Sept. 2, 2004) ("The Panel finds that the passive holding of a domain name that is identical to Complainant's mark is not a bona fide offering of goods or services pursuant to Policy ¶ 4(c)(i) and it is not a legitimate noncommercial or fair use of the domain name pursuant to Policy ¶ 4(c)(iii).").

The current landing page, "Introducing America's Newest Energy Drink, Coming Soon, Navigant Energy, Keeps you sailing all day" was not uploaded until Respondent decided to breach the agreed settlement between Navigant and Respondent. While Respondent cites a new agreement to sell the domain name to a third-party, Respondent remains the registrant of the domain according to the WHOIS record. *See* Exhibit K. Policy ¶ 4(c)(i) states that, for a Respondent to demonstrate rights or a legitimate interest in a domain name it must show that,

"*before any notice to you of the dispute* [emphasis added], your use of, or demonstrable preparations to use, the domain name or a name corresponding to the domain name in connection with a bona fide offering of goods or services." Respondent's use of the domain name <navigantenergy.com>, to the extent it has been used at all, occurred only after notice of the dispute.

Further, the display of a simple landing or parking page is not sufficient to establish a legitimate interest or demonstrate use of the domain name in connection with a *bona fide* offering of goods or services. *See Hewlett-Packard Co. v. Rayne*, FA 101465 (Nat. Arb. Forum Dec. 17, 2001) (finding that the "under construction" page, hosted at the disputed domain name, did not support a claim of right or legitimate interest under Policy ¶ 4(a)(ii)); *see also Melbourne IT Ltd. v. Stafford*, D2000-1167 (WIPO Oct. 16, 2000) (finding no rights or legitimate interests in the domain name where there was no proof that the respondent made preparations to use the domain name in connection with a *bona fide* offering of goods and services before notice of the domain name dispute, the domain name did not resolve to a website, and the respondent was not commonly known by the domain name).

Navigant has not authorized Respondent to use the NAVIGANT Marks. Respondent has never used the domain name in the nearly three years it has owned it. The current landing page was constructed and displayed well after Respondent was aware of the current dispute and was constructed solely to frustrate Navigant's ability to bring this Complaint. Respondent's use of the disputed domain name cannot satisfy the requirements of Policy ¶ 4(c)(i) or 4(c)(iii), because Respondent has not used the disputed domain name in connection with a *bona fide* offering of goods or services.

     (c)    **Respondent failed to discharge its duty to select, register, and use a domain name that does not infringe the rights of a third party.**

Respondent failed to discharge its duty and contractual obligations under the Policy when it failed to select, register, and use a domain name that did not infringe Navigant's rights in the NAVIGANT Marks. Specifically, Policy ¶ 2 states that the domain name registrant is charged with the responsibility of determining whether its domain name registration infringes or violates a third party's rights. *See also Collegetown Relocation, L.L.C. v. John Mamminga* FA 95003 (Nat'l Arb. Forum July 20, 2000) ("When registering domain names, the Respondent has a duty to investigate and refrain from using a domain name that infringes on a third party's rights."); *Slep-Tone Entm't Corp. v. Sound Choice Disc Jockeys Inc.*, FA 93636 (Nat'l Arb. Forum Mar. 13, 2000) (holding that Respondent registered and used the domain name in bad faith because the failure to select, register, and use a domain name that did not infringe on the rights of a third party).

The facts reflect that Respondent either failed to conduct any type of investigation or search prior to registering the disputed domain name or continued to adopt the disputed domain name despite having knowledge of the NAVIGANT Marks. First, Navigant registered its <navigantconsulting.com> domain name nearly thirteen years before Respondent registered the domain name <navigantenergy.com>. *See* Exhibit D and K. Had Respondent conducted a simple internet search, it would have identified search hits for Navigant and its website at <navigantconsulting.com>. A copy of the Google Internet search for "Navigant" is attached hereto as Exhibit O. Second, nearly five years before Respondent registered the domain name <navigantenergy.com>, Navigant filed federal trademark applications for the NAVIGANT

Marks. *See* Exhibit H. If Respondent had conducted the requisite search before adopting the <navigantenergy.com> domain name, it would have learned of Navigant's applications and use of the NAVIGANT Marks.

**(d)     Respondent is not commonly known by the disputed domain name.**

No evidence shows that Respondent's name is "Navigant Energy" or <navigantenergy.com>. According to the WHOIS listing for the disputed domain name, Respondent's name is Anthony Tomaska / Magnificent Mile Productions. *See* Exhibit K. Respondent cannot point to any evidence establishing that it is legally chartered or commonly known as Navigant Energy or <navigantenergy.com>. Accordingly, Respondent is not commonly known by the disputed domain name. *See M. Shanken Commc'ns v. WORLDTRAVELERSONLINE.COM*, FA 470335 (Nat'l Arb. Forum Aug. 3, 2006) (finding that respondent was not commonly known by the <cigaraficionada.com> domain name under Policy ¶ 4(c)(ii) based on WHOIS information and other evidence in the record). As a result, Respondent cannot satisfy the requirements of Policy ¶ 4(c)(ii) because the disputed domain name is not Respondent's commonly-known name.

In sum, Navigant has not authorized Respondent to use the NAVIGANT Marks. Respondent does not use the disputed domain name in connection with a *bona fide* offering of goods for sale, and Navigant's rights in the NAVIGANT Marks predate any rights Respondent could claim in the disputed domain name. Accordingly, Navigant has satisfied the second prong of Policy ¶ 4(a) because Respondent has no rights or legitimate interests in the disputed domain name.

**THIRD ELEMENT: The disputed domain names were registered and are being used in bad faith.**

**(a)     Respondent registered the domain name with the intent of selling the domain name in excess of out-of-pocket expenses..**

Respondent registered the domain name with the sole intent of selling the domain name in excess of out-of-pocket expenses. As mentioned above, in December 2014, the parties engaged in discussions whereby Navigant advised Respondent of its rights in the NAVIGANT Marks and requested the transfer of the domain name to Navigant. Respondent expressly stated that it had no intention to use the domain name. In exchange for the transfer of the domain name, Navigant made a good faith offer to cover Respondent's registration fees and costs incurred to date. Respondent refused Navigant's offer, demanding that it wanted a larger amount in exchange for the transfer of the domain name. Navigant then offered Respondent $1,750 to acquire the domain name. Respondent accepted the offer on March 11, 2015, but later reneged on the deal after he allegedly made a deal with another party apparently for a greater sum. Respondent's acceptance of Navigant's offer of $1,750 greatly exceeds Respondent's out-of-pocket expenses. Although "[t]here is nothing inherently wrongful in the offer or sale of domain names…the fact that domain name registrants may legitimately and in good faith sell domain names does not imply a right in such registrants to sell domain names that are identical or confusingly similar to trademarks or service marks of others without consent." *Sittercity Inc. v. Domain Administrator*, Case No. FA 1450145 (Nat'l Arb. Forum Aug. 15, 2012). Moreover, under similar circumstances, bad faith has been found. *See Children's Hosp. Central California v. Gamulin Nikita*, Case No. FA 1337796 (Nat'l Arb. Forum Sept. 2, 2010) (bad faith found

where respondent offered to sell domain name for $4,000 when complainant contacted respondent regarding infringing use); *SF Investments, Inc. v. Jason Black/ACSCredco*, Case No. FA 1368326 (Nat'l Arb. Forum March 8, 2011) (finding bad faith where respondent made two offers to complainant to sell domain name, both exceeding out-of-pocket expenses actually incurred). Based on the Forum precedent Respondent's agreement to sell the domain name for an amount in excess of its out-of-pocket expenses evidences bad faith.

> **(b)**      **Respondent's non-use of the domain name demonstrates bad faith.**

Respondent has not used the disputed domain name in the nearly three years it has been held by Respondent, and during Navigant's initial communication with Respondent on December 19, 2014, Respondent expressly stated that it had no intention to use the domain name. The failure of Respondent to either use or intend to use the domain name demonstrates bad faith. *See Disney Enters. v. WebMogul a/k/a WebMogul, Inc.*, Case No. FA 1528176 (Nat'l Arb. Forum Dec. 6, 2013) (finding bad faith where respondent failed to use domain name for several years); *Am. Broad. Cos. Inc. v. Sech*, Case No. FA 893427 (Nat'l Arb. Forum Feb. 28, 2007) (respondent's failure to make active use of domain name within three months after registration indicated bad faith registration).

> **(c)**      **Respondent refused to transfer the domain name despite having notice of Navigant's prior rights in the NAVIGANT Marks.**

As mentioned above, Respondent had actual notice of Navigant's prior rights in the NAVIGANT Marks at least as early as December 2014. Despite having actual notice, Respondent refused to transfer the disputed domain name to Navigant unless it agreed to pay a sum that greatly exceeded Respondent's out-of-pocket expenses. These actions constitute textbook bad faith. *See Sanofi-aventis v. c/o SANOFIEVENTS.COM / Najdat Hmedany*, Case. No. D2011-0869 (WIPO July 4, 2011) ("The fact that the Respondent refused to voluntarily transfer the Domain Name, once being officially informed of the infringement is further evidence of the use of the Domain Name in bad faith.").

> **(d)**      **Respondent knew, or should have known, of Navigant's prior use of the NAVIGANT Marks.**

Where a respondent has actual knowledge of another party's mark when registering a disputed domain name, that registration is made in bad faith. *See Minicards Vennootschap Onder Firma Amsterdam v. Moscow Studios*, Case No. FA 1031703 (Nat'l Arb. Forum Sept. 5, 2007) (finding bad faith registration where respondent had "actual knowledge of Complainant's mark when registering the disputed domain name"). Here, Respondent registered a domain name that wholly incorporates the NAVIGANT mark. Respondent registered the domain name despite having no affiliation with Navigant whatsoever. Moreover, Respondent expressly stated that he had no intention to use the domain name. Based on Navigant's use of the NAVIGANT Marks for more than 18 years and the NAVIGANT mark's strong, distinctive nature, it is highly improbable that Respondent registered a virtually identical domain name without knowledge of Navigant's rights in the mark.

Even assuming a lack of actual knowledge, Respondent nevertheless had a duty to investigate prior to registering the domain name. *See Collegetown Relocation, L.L.C. v. John Mamminga*, Case No. FA 95003 (Nat'l Arb. Forum July 20, 2000) (stating that "[w]hen

registering domain names, the Respondent has a duty to investigate and refrain from using a domain name that infringes on a third-party's rights"); *Slep-Tone Entm't Corp. v. Sound Choice Disc Jockeys Inc.*, Case No. FA 93636 (Nat'l Arb. Forum Mar. 13, 2000) (finding that "[t]he domain name 'sound-choice.com' should be considered as having been registered and being used in bad faith because Respondent failed to discharge its responsibility to select, register, and use a domain name that does not infringe the rights of a third party").

A most basic investigation by Respondent would have revealed Navigant's rights in the NAVIGANT Marks. *See* Exhibit O. Navigant has used the mark since 1996 and registered its <navigantconsulting.com> domain name in 1999. *See* Exhibits D & H. Regardless of whether Respondent failed to investigate, or investigated and then disregarded, Navigant's longstanding rights in the NAVIGANT Marks, Respondent's actions evince bad faith.

## [8.] REMEDY SOUGHT

Based on the foregoing, Navigant respectfully requests the Panel find in its favor and order the transfer of the disputed domain name to Navigant.

## [9.] OTHER LEGAL PROCEEDINGS

No other legal proceedings have commenced or terminated in connection with or relating to the disputed domain name.

## [10.] COMPLAINT TRANSMISSION

Navigant asserts that a copy of this Complaint, together with the cover sheet as prescribed by the Forum's Supplemental Rules, has been sent and transmitted to the Respondent (domain name holder), in accordance with UDRP R. 2(b) and to the Registrar of the domain names, in accordance with Forum Supp. R. 4(e). Copies of applicable polices are attached hereto as Exhibit A. UDRP R. 3(b)(xii); Forum Supp. R. 4(c).

## [11.] MUTUAL JURISDICTION

Navigant will submit, with respect to any challenges to a decision in the administrative proceeding canceling or transferring the disputed domain name, to the jurisdiction where the Respondent is located, as shown by the address given for the registrants in the WHOIS Database at the time of the submission of the Complaint to the National Arbitration Forum. UDRP R. 3(b)(xiii).

## [12.] CERTIFICATION

Navigant agrees that its claims and remedies concerning the registration of the domain names, the dispute, or the dispute's resolution shall be solely against the domain name holder and waives all such claims and remedies against (a) the National Arbitration Forum and panelists, except in the case of deliberate wrongdoing, (b) the registrar, (c) the registry administrator, and (d) the Internet Corporation for Assigned Names and Numbers, as well as their directors, officers, employees, and agents.

Navigant certifies that the information contained in this Complaint is to the best of Navigant's knowledge complete and accurate, that this Complaint is not being presented for any improper purpose, such as to harass, and that the assertions in this Complaint are warranted under these Rules and under applicable law, as it now exists or as it may be extended by a good-faith and reasonable argument.

Respectfully Submitted,

Navigant Consulting, Inc.

Dated: March 27, 2015

MARSHALL, GERSTEIN & BORUN LLP
Maureen Beacom Gorman
James E. Griffith
233 South Wacker Drive, Suite 6300
Chicago, Illinois 60606
Email: mgorman@marshallip.com
       jgriffith@marshallip.com

## CERTIFICATE OF SERVICE TO REGISTRANT

I hereby certify that I sent this Complaint, covered with the Transmittal Sheet and accompanied by the Schedule of Exhibits and the Exhibits, on the date indicated below, to the Respondent by First Class Mail to Anthony Tomaska, Magnificent Mile Productions, 1419 N Wells St, 2 Floor Rear, Chicago, IL 60610 and via email to ajtomaska@theaterland.com and postmaster@navigantenergy.com. Service was completed in accordance with UDRP R. ¶ 2(a) and NAF Supp. R. 4(b).

Dated: March 27, 2015

Maureen B. Gorman

## CERTIFICATE OF SERVICE TO REGISTRAR

I hereby certify that I sent this Complaint on the date indicated below to the Registrar, GoDaddy.com LLC,14455 North Hayden Rd., Suite 219, Scottsdale, AZ 85260, and by email to the Registrar at domaindisputes@godaddy.com. Service was completed in accordance with NAF Supp. R. 4(d)(i).

Dated: March 27, 2015

Maureen B. Gorman



NATIONAL ARBITRATION
FORUM

Navigant Consulting, Inc.,
30 South Wacker Drive, Suite 3550,
Chicago, IL 60606,

**(Complainant),**

    v.

Anthony Tomaska                            **Domain Names In Dispute:**
Magnificent Mile Productions             <navigantenergy.com>
1419 N Wells St
2 Floor Rear
Chicago, IL 60610,

**(Respondent).**

## SCHEDULE OF EXHIBITS

**Exhibit A:**      Applicable Policies:
- ICANN Uniform Domain Name Dispute Resolution Policy
- ICANN Rules for Uniform Domain Name Dispute Resolution Policy
- National Arbitration Forum's UDRP Supplemental Rules

**Exhibit B:**      Printouts from Navigant's website at <navigant.com> as of March 27, 2015

**Exhibit C:**      Delaware Secretary of State corporate records for Navigant Consulting, Inc.

**Exhibit D:**      WHOIS record for <navigantconsulting.com> as of March 27, 2015

**Exhibit E:**      Printouts from Navigant's website at <navigantconsulting.com> as of May 12, 2001

**Exhibit F:**      Chart of Navigant's domain name registrations

**Exhibit G:**      Publications related to Navigant's accolades and publicity.

**Exhibit H:**      Navigant's United States trademark registrations

**Exhibit I:**      Navigant's international trademark registrations

**Exhibit J:**      Navigant's advertisements

**Exhibit K:**      WHOIS record for <navigantenergy.com> as of:

- April 4, 2012
- April 3, 2013
- April 5, 2014
- March 27, 2015

**Group Exhibit L:**   Correspondence from Dec. 2014 – Feb. 2015:
- Dec. 19, 2015 - E-Mail Correspondence from Navigant to Respondent
- Jan. 30, 2015 - E-Mail Correspondence from Navigant to Respondent and Respondent's (previous) counsel.
- Feb. 4, 2015 - Postal Correspondence from Navigant to Respondent

**Exhibit M:**   E-Mail Correspondence Related to Respondent's intent to transfer domain to a third-party on March 22, 2015 and March 23, 2015.

**Exhibit N:**   Printout from Respondent's website at <navigantenergy.com> as of March 27, 2015

**Exhibit O:**   Google Internet Search for "Navigant" as of October 2, 2014

# EXHIBIT C



## DECISION

Navigant Consulting, Inc. v. Anthony Tomaska / Magnificent Mile Productions

Claim Number: FA1503001611873

### PARTIES

Complainant is **Navigant Consulting, Inc.** ("Complainant"), represented by **Maureen Beacom Gorman**, of **Marshall, Gerstein & Borun LLP**, Illinois, USA. Respondent is **Anthony Tomaska / Magnificent Mile Productions** ("Respondent"), represented by **Steven L. Rinehart**, Utah, USA.

### REGISTRAR AND DISPUTED DOMAIN NAME

The domain name at issue is **<navigantenergy.com>**, registered with **GoDaddy.com, LLC.**

### PANEL

The undersigned certifies that he has acted independently and impartially and to the best of his knowledge has no known conflict in serving as Panelist in this proceeding.

Jeffrey M. Samuels as Panelist.

### PROCEDURAL HISTORY

Complainant submitted a Complaint to the FORUM electronically on March 27, 2015; the FORUM received payment on March 27, 2015.

On March 30, 2015, GoDaddy.com, LLC confirmed by e-mail to the FORUM that the <navigantenergy.com> domain name is registered with GoDaddy.com, LLC and that Respondent is the current registrant of the name. GoDaddy.com, LLC has verified that Respondent is bound by the GoDaddy.com, LLC registration agreement and has thereby agreed to resolve domain disputes brought by third parties in accordance with ICANN's Uniform Domain Name Dispute Resolution Policy (the "Policy").

On March 31, 2015, the FORUM served the Complaint and all Annexes, including a Written Notice of the Complaint, setting a deadline of April 20, 2015 by which Respondent could file a Response to the Complaint, via e-mail to all entities and persons listed on Respondent's registration as technical, administrative, and billing contacts, and to postmaster@navigantenergy.com. Also on March 31, 2015, the Written Notice of the Complaint, notifying Respondent of the e-mail addresses served and the deadline for a Response, was transmitted to Respondent via post and fax, to all entities and persons listed on Respondent's registration as technical, administrative and billing contacts.

A timely Response was received and determined to be complete on April 16, 2015.

Complainant submitted a timely Additional Submission, which was received on April 21, 2015.

Respondent submitted a timely Additional Submission, which was received on April 27, 2015.

On April 28, 2015, pursuant to Complainant's request to have the dispute decided by a single-member Panel, the FORUM appointed Jeffrey M. Samuels as Panelist.

Having reviewed the communications records, the Administrative Panel (the "Panel") finds that the FORUM has discharged its responsibility under Paragraph 2(a) of the Rules for Uniform Domain Name Dispute Resolution Policy (the "Rules") "to employ reasonably available means calculated to achieve actual notice to Respondent" through submission of Electronic and Written Notices, as defined in Rule 1 and Rule 2.

## RELIEF SOUGHT

Complainant requests that the domain name be transferred from Respondent to Complainant.

## PARTIES' CONTENTIONS

### A. Complainant

Complainant Navigant Consulting, Inc. is a global expert services firm that offers in the U.S. and around the world business consulting and other related services in a number of industries, including technology, chemicals, construction, energy, and financial and health care. It was incorporated in 1996. Complainant has received numerous awards and publicity over the years, including listing in *Forbes* in 2005 and 2009 as one of the 200 Best Run Small Companies and inclusion in *Business Week's* 2006 listing of Hot Growth Companies.

Complainant owns several U.S. trademark registrations for the NAVIGANT or NAVIGANT CONSULTING mark, as used on or in connection with computer programs and business consulting and financial management services, as well as registrations in a number of other countries (e.g., Canada, Brazil and China) for its NAVIGANT marks. Complainant also owns the domain name

navigantconsulting.com, which was first registered in May 1999, as well as 34 other domain names containing the NAVIGANT mark.

According to Complainant, the disputed domain name, navigantenergy.com, was first registered by Respondent on April 3, 2012.

Complainant asserts that the disputed domain name is identical or confusingly similar to its NAVIGANT marks. It notes that the domain name wholly incorporates the NAVIGANT mark and that the inclusion in the domain name of the descriptive term "energy" and of the top-level domain ".com" is "without significance."

Complainant urges that Respondent has no rights or legitimate interests in the disputed domain name and that its "longstanding use of the NAVIGANT Marks predates any rights Respondent may claim in the disputed domain name." Complainant contends that, prior to any notice of the dispute, Respondent did not use the disputed domain name in connection with a bona fide offering of goods or services. In support of such contention, Complainant refers to correspondence between the parties in which Complainant noted that Respondent had indicated in a telephone conversation of December 19, 2014, that Respondent had no intent to use the registered domain name. According to Complainant, the website at navigantenergy.com remained inactive from April 3, 2012 until March 22, 2015. As of March 23, 2015, the disputed domain name resolves to an active website at which it is stated: "Introducing America' Newest Energy Drink, Coming Soon, Navigant Energy, Keeps you sailing all day." Complainant asserts that this site was not uploaded until after Respondent breached a settlement agreement between the parties.

Complainant further maintains that Respondent failed to discharge its duty and contractual obligations under the Policy when it failed to register and use a

domain name that did not infringe upon Complainant's trademark rights. Complainant points out that it registered its navigantconsulting.com domain name nearly 13 years before Respondent registered the disputed domain name and that had Respondent conducted a simple internet search, it would have unearthed the navigantconsulting.com site.

With respect to the issue of "bad faith" registration and use, Complainant asserts that the evidence establishes that Respondent registered the disputed domain name with the sole intent of selling the domain name in excess of out-of-pocket expenses. Complainant indicates that, in exchange for transfer of the domain name, it made a good faith offer to cover Respondent's registration fees and costs incurred to date, that Respondent demanded a larger amount, that Complainant then offered Respondent $1,750 to acquire the domain name, that Respondent accepted the offer on March 11, 2015, and that Respondent later reneged on the deal after it allegedly made a deal with another party.[1]

Complainant also alleges that Respondent's non-use of the domain name for three years demonstrates bad faith and that "[b]ased on Navigant's use of the NAVIGANT Marks for more than 18 years and the NAVIGANT mark's strong, distinctive nature, it is highly improbable that Respondent registered a virtually identical domain name without knowledge of Navigant's rights in the mark."

B. Respondent

In its Response, Respondent asserts that it "is a good faith registrant of the Disputed Domain." Respondent contends that it has been making use of the generic expression "Navigant" in commerce since 2006, before Complainant accrued trademark rights. In support of such assertion, Respondent refers to a business entity detail report from the Illinois Secretary of State for Navigant

---

[1] According to Complainant, the disputed domain name still remains registered in the name of Respondent.

Development, LLC, showing that Respondent originally organized Navigant Development, LLC, a real estate development company, on April 21, 2006, the issuance to Naviant Development of a federal tax ID number on April 27, 2006, and its prior registration and use of the domain names navigantdevelopment.com, navigantfilms.com, and navigantproducts.com.

Respondent notes that Complainant had no registered trademark when Respondent began using the "Navigant" expression in commerce in 2006. It further contends that the term "navigant" is Latin and French for sailing and that Complainant's NAVIGANT mark in generic. "It is self-evident that the `navigant' term relates to the guiding another party, as many companies do for their customers or clients. The Respondent is using the term not because of its `value as a [confusingly similar] trademark' but because of its attraction as a dictionary words or common terms." Respondent maintains that the use of a common word domain name related to the descriptive meaning of the domain name and its services constitutes use in connection with a bona fide offering of goods or services under the Policy.

Respondent argues that Complainant failed to meet the burden of establishing bad faith registration and use. It contends that it never offered to sell the disputed domain name to Complainant until Complainant inquired about purchasing it and threatened legal action and that none of the other circumstances set forth in the Policy as supportive of the requisite bad faith exists. Respondent reiterates its argument that the domain registration predates the accrual of trademark rights by Complainant and, thus, that bad faith cannot be found.

Respondent requests the Panel to enter a finding of reverse domain name hijacking, asserting that Complainant knew there is no plausible basis for its complaint.

C. Additional Submissions

In its "Additional Submission," Complainant notes that Respondent provides no argument as to how any purported rights that Navigant Development, LLC may have to the name "Navigant" inure to the benefit of Magnificent Mile Productions, the Respondent and registrant of the disputed domain name. Moreover, Complainant asserts, there is no evidence that Navigant Development, LLC ever conducted business or that it ever owned the navigantdevelopment.com, navigantproductions.com, or navigantfilms.com domain names, none of which, according to Complainant, resolve to an active website.

Focusing on Respondent's assertion that Complainant's NAVIGANT mark is generic, Complainant simply notes that a UDRP proceeding is not the proper forum to attack the validity of a trademark registration. Complainant further contends that prior to the time Respondent or Navigant Development, LLC adopted the name "Navigant Development," Complainant was already a half-billion dollar global publicly-traded consulting. Complainant also notes that it owns valid U.S. trademark registrations for the NAVIGANT marks for use in connection with consulting services with dates of first use of at least as early as June 14, 1999, which predates the registration of the disputed domain name and Navigant Development's purported founding in 2006.

In its "Additional Submission," Respondent indicates that Navigant Development was making use of the "Navigant" name before Complainant applied for any trademark registration and points to a lease dated April 28, 2006, to support such assertion. Respondent also challenges Complainant's assertion that Respondent reneged on its sale of the disputed domain name to Complainant, contending that Complainant demanded during settlement that Respondent transfer

additional domain names and agree to never register any domain name incorporating the word "navigant."

## FINDINGS

The Panel finds that: (1) the disputed domain name in confusingly similar to a trademark or service mark in which Complainant has rights; (2) Respondent has no rights or legitimate interests in the disputed domain name; and (3) the disputed domain name was registered and is being used in bad faith.

## DISCUSSION

Paragraph 15(a) of the Rules instructs this Panel to "decide a complaint on the basis of the statements and documents submitted in accordance with the Policy, these Rules and any rules and principles of law that it deems applicable."

Paragraph 4(a) of the Policy requires that Complainant must prove each of the following three elements to obtain an order that a domain name should be cancelled or transferred:

(1) the domain name registered by Respondent is identical or confusingly similar to a trademark or service mark in which Complainant has rights; and

(2) Respondent has no rights or legitimate interests in respect of the domain name; and

(3) the domain name has been registered and is being used in bad faith.

### Identical and/or Confusingly Similar

The Panel finds that the disputed domain name, navigantenergy.com, is confusingly similar to the NAVIGANT mark.  As noted by Complainant, the domain name incorporates in full the NAVIGANT mark, adding only the descriptive term "energy" and the generic top-level domain .com.

The Panel further finds that Complainant has rights in the NAVIGANT marks. While Respondent contends that "navigant" is a generic term meaning "sailing" in Latin and French, such fact does not render NAVIGANT, as used by Complainant, generic. The evidence establishes that Complainant uses NAVIGANT in connection with various business consulting services. Even if one was to accept Respondent's contention that "navigant" relates to the concept of guiding another party (the Panel assumes that the argument is that guiding and consulting are related concepts), such fact, in the Panel's view, would not render NAVIGANT, as used by Complainant, generic. Moreover, the Panel agrees with Complainant that a UDRP proceeding is not a proper forum to second guess the determination of the United States Patent and Trademark Office that the mark NAVIGANT is distinctive and otherwise registrable. The Panel notes that the issuance of a federal trademark registration creates a presumption that the registered mark is valid. Generic terms are not subject to registration.

Rights or Legitimate Interests

The Panel concludes that Complainant has met its burden of establishing that Respondent has no rights or legitimate interests in the disputed domain name. In the view of the Panel, the evidence does not support Respondent's assertion that, before any notice of the dispute, it was using or making demonstrable preparations to use the domain name in connection with a bona fide offering of goods or services, within the meaning of paragraph 4(c)(i) of the Policy.

To the extent Respondent relies on the current "use of the disputed domain name in connection with the advertising of "a coming soon" energy drink to be sold under the name "Navigant Energy", which "use" commenced on March 23, 2015, the Panel finds that such "use" falls outside the Policy's boundaries. The declaration of Craig A. Becker, an attorney with Complainant's counsel, indicates that the parties had reached an agreement for the transfer of the disputed

domain name on March 11, 2015, and that, on March 22, Respondent informed Mr. Becker that it would be transferring the domain name to another party and that such other party intended to use the website in connection with an energy drink. As noted above, such "use" commenced the following day, March 23. Such "use," in the view of the Panel, may not be considered bona fide, especially in view of the fact that the evidence indicates that the disputed domain name remained dormant for the three years prior thereto. Moreover, advertising an energy drink as "coming soon" does not, in the Panel's opinion, constitutes an "offering" of goods and there is no evidence of any demonstrable preparations to use the domain name in connection with a bona fide offering. Indeed, as suggested below in the section dealing with "bad faith" registration and use, there is no evidence that Respondent has the ability to make and sell energy drinks.

To the extent Respondent relies on any use of the term "Navigant" by Navigant Development, LLC in order to establish use of the disputed domain name in connection with a bona fide offering of goods or services, such effort is equally unavailing. First, there is no evidence that Navigant Development uses the disputed domain name. Second, the Policy clearly requires that, to fall within paragraph 4(c)(i) of the Policy, such use must be by the Respondent. As noted by Complainant, the Respondent in this matter is not Navigant Development. [2]

Finally, to the extent Respondent contends that it has rights or legitimate interests in the disputed domain name based on the fact that Navigant Development entered into real estate leases in April 2006, which was prior to the filing of Complainant's trademark applications, such argument must also be rejected. First, as noted above, Navigant Development and Respondent are not the same entity, so Respondent may not assert any priority claim based on the

---

[2] The Panel notes that Respondent Anthony Tomaska appears to be Navigant Development's principal officer. This does not, however, change the fact that Navigant Development is not the named respondent in this matter.

use, if any, by Navigant Development. Second, even if it could, the evidence indicates that Complainant commenced use of its NAVIGANT mark as early as June 14, 1999, well prior to any use by Navigant Development. The fact that Complainant did not apply to register its NAVIGANT mark with the United States Patent and Trademark Office until after the alleged use by Navigant Development does not change the fact that Complainant commenced use of, and thereby acquired trademark rights in, the NAVIGANT mark prior to any alleged use by Navigant Development.

### Registration and Use in Bad Faith

The Panel concludes that the disputed domain name was registered and is being used in bad faith. First, it appears undisputed that the domain name was not being used in connection with an active website for about three years and non-use has been found to support a finding of bad faith. *See, e.g., Pirelli & C. S.p.A. v. Tabriz,* FA 921798 (Nat. Arb. Forum Apr. 12, 2007) (holding that non-use of a confusingly similar domain name for over seven months constitutes bad faith registration and use). Second, with respect to the current "use" of the disputed domain name, the evidence does not support Respondent's assertion that it is not using the term "navigant" because of its value as a trademark but, rather, because of its attraction as a dictionary word or common term. While the term "navigant" may mean "sailing" in French and Latin, the evidence indicates that Respondent intends to use the term in connection with an energy drink. The use of the tag line "Keeps You Sailing All Day," which appears on the picture of the can of NAVIGANT ENERGY depicted on the current navigantenergy.com website, does not support descriptive use of the term "navigant" by Respondent in connection with an energy drink. The Panel further notes that Complainant uses the NAVIGANT mark in connection with consulting in the energy industry and that the current site became active only one day after the collapse of the parties' settlement discussions. Indeed, Respondent's current use of the

disputed domain name in connection with the advertising of a "coming soon" energy drink to be sold under the mark "Navigant Energy" strikes the Panel as a contrived, and untimately unsuccessful, attempt to establish rights or legitimate interests and supports a finding of "bad faith" use, especially when one notes that there is no evidence that Respondent has the ability to make and sell energy drinks.

This is not a case, as alleged by Respondent, where a respondent began use of a disputed domain name prior to any use of the mark in issue by the Complainant. Rather, the evidence suggests that Respondent registered the disputed domain name with the knowledge of Complainant and its use of the NAVIGANT trademark, in connection with a wide variety of consulting services, including those involving the energy industry. As noted above, the evidence indicates that Complainant began use of the NAVIGANT mark at least as early as June 1999, and that Complainant has been recognized as a successful company by widely read magazines. Based on this evidence, as well as the apparent fact that both Complainant and Respondent are based in Chicago, the Panel may infer that Respondent was aware of Complainant and of its use of the NAVIGANT mark prior to the 2012 registration of the disputed domain name.[3]

DECISION

Having established all three elements required under the ICANN Policy, the Panel concludes that relief shall be **GRANTED**.[4]

---

[3] The Panel has reviewed all the correspondence between the parties relating to the negotiations for the purchase of the disputed domain name by Complainant. Based on such review, it is not clear to the Panel that Respondent registered the domain name primarily for the purpose of selling the domain name registration to Complainant or to a third party. The evidence, for example, indicates that it was Complainant that first broached the subject of sale of the domain name.

[4] In view of such determination, the Panel rejects Respondent's assertion that Complainant has engaged in reverse domain name hijacking.

Accordingly, it is Ordered that the <navigantenergy.com> domain name be
**TRANSFERRED** from Respondent to Complainant.

Professor Jeff Samuels
Arbitrator

Jeffrey M. Samuels, Panelist

Dated:  May 7, 2015

# E X H I B I T   D



## LLC FILE DETAIL REPORT

| | | | |
|---|---|---|---|
| **Entity Name** | NAVIGANT DEVELOPMENT LLC | **File Number** | 01835556 |
| **Status** | ACTIVE | **On** | 03/22/2015 |
| **Entity Type** | LLC | **Type of LLC** | Domestic |
| **File Date** | 04/21/2006 | **Jurisdiction** | IL |
| **Agent Name** | TOM JAROS | **Agent Change Date** | 10/11/2011 |
| **Agent Street Address** | 2 N LA SALLE ST STE 1300 | **Principal Office** | 1419 N WELLS ST, 2ND FLOOR CHICAGO, IL 60610 |
| **Agent City** | CHICAGO | **Management Type** | MBR  View |
| **Agent Zip** | 60602 | **Duration** | PERPETUAL |
| **Annual Report Filing Date** | 03/22/2015 | **For Year** | 2015 |
| **Series Name** | NOT AUTHORIZED TO ESTABLISH SERIES | | |

Return to the Search Screen

                                      [ Purchase Certificate of Good Standing ]

**(One Certificate per Transaction)**

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE

# E X H I B I T   E

May-18-2006 01:03pm From-

-KLM : RIUEKNUKIH                    FHX NU. :

T-759   P.001/003   F-873

Hpr. 24 2000 04.55H1  P1



## OFFICE OF THE SECRETARY OF STATE

### JESSE WHITE • Secretary of State

APRIL 21, 2006

0183555-6

WILLIAM J RACKOS
11800 S 75TH AVE #101
PALOS HEIGHTS, IL 60463-0000

RE  NAVIGANT DEVELOPMENT LLC

DEAR SIR OR MADAM:

IT HAS BEEN OUR PLEASURE TO APPROVE AND PLACE ON RECORD THE ARTICLES OF
ORGANIZATION THAT CREATED YOUR LIMITED LIABILITY COMPANY.  WE EXTEND OUR
BEST WISHES FOR SUCCESS IN YOUR NEW VENTURE.

THE LIMITED LIABILITY COMPANY MUST FILE AN ANNUAL REPORT PRIOR TO THE
FIRST DAY OF ITS ANNIVERSARY MONTH NEXT YEAR.  A PRE-PRINTED ANNUAL
REPORT FORM WILL BE SENT TO THE REGISTERED AGENT AT THE ADDRESS SHOWN ON
THE RECORDS OF THIS OFFICE APPROXIMATELY 60 DAYS PRIOR TO ITS
ANNIVERSARY MONTH.

DUE TO STATUTORY CHANGES IN THE LIMITED LIABILITY COMPANY ACT,
CERTIFICATES OF ORGANIZATION WILL NO LONGER BE ISSUED WITH THE
ARTICLES OF ORGANIZATION.

SINCERELY YOURS,

JESSE WHITE
SECRETARY OF STATE

DEPARTMENT OF BUSINESS SERVICES
LIMITED LIABILITY COMPANY DIVISION
TELEPHONE (217)524-8008

JW:LLC

May-18-2006 01:04pm From-

FROM : RIVERNORTH      FAX NO. :     T-759 P.002/003 F-873

Apr. 24 2006 04.56PM P2

---

Form **LLC-5.5**

June 2005

Secretary of State Jesse White
Department of Business Services
Limited Liability Division
Room 351 Howlett Building
501 S. Second St.
Springfield, IL 62756
www.cyberdriveillinois.com

Payment must be made by certified check, cashier's check, Illinois attorney's C.P.A.'s check or money order payable to Secretary of State.

**Illinois**
**Limited Liability Company Act**
Articles of Organization

FILE #   **0183 555 6**

This space for use by Secretary of State.

LC0708770

This space for use by Secretary of State.

Filing Fee:   **$500**

Approved:   **PM**

FILE DATE 04/21/2006

[JESSE WHITE]

[SECRETARY OF STATE]

1. Limited Liability Company Name: __NAVIGANT DEVELOPMENT LLC__

   The LLC name must contain the words Limited Liability Company, L.L.C. or LLC and cannot contain the terms Corporation, Corp., Incorporated, Inc., Ltd., Co., Limited Partnership or LP.

2. Address of principal place of business where the records of the company are to be kept. (P.O. Box alone or c/o are unacceptable.)

   __1419 North Wells Street, Chicago, IL 60610__

3. Articles of Organization effective on: (check one)

   ☒ the filing date _____
                        Month, Day, Year

   ☐ a later date (but not more than 60 days subsequent to the filing date): _____
                                                           Month, Day, Year

4. Registered Agent's Name and Registered Office Address:

   Registered Agent: __William J.__      __Backos__
               First Name              Middle Initial              Last Name

   Registered Office: __11800 S. 75th Avenue__      __101__
   (P.O. Box alone or     Number                 Street                Suite #
   c/o is unacceptable.)

          __Palos Heights__        __60463__        __Cook__
              City                ZIP Code                County

5. Purpose or purposes for which the Limited Liability Company is organized: (If more space is needed, attach additional 8 1/2" x 11" sheets.)

   "The transaction of any of all lawful business for which Limited Liability Companies may be organized under this Act."

6. Latest date, if any, upon which the company is to dissolve: _____
   (Leave blank if duration is perpetual.)                                 Month, Day, Year

Printed by authority of the State of Illinois. July 2005 —5M — LLC-4.9

WD
C.N

**LLC-5.5**

**OPTIONAL:**

7. Other agreed upon events of dissolution and/or provisions for the regulation of the internal affairs of the Company. (If more space is needed, attach additional 8 1/2" x 11" sheets.)

8. The Limited Liability Company: (Check one a or b below )
   a. ☐ is managed by the manager(s) (List names and business addresses.)

   b. ☒ has management vested in the member(s) (List names and addresses.)
      Anthony Tomaska
      1419 N. Wells Street
      Chicago, IL 60610

9. I affirm, under penalties of perjury, having authority to sign hereto, that these Articles of Organization are to the best of my knowledge and belief, true, correct and complete.

Dated  **April 20**                                            **2006**
                    Month, Day                                    Year

1.  X _____              1. **1419 N. Wells Street**
              Signature                              Number            Street

   **Anthony Tomaska,**                        **Chicago, IL 60610**
    Name and Title (type or print)                  City/Town

   _____               _____
   Name if a corporation or other entity           State          ZIP Code

2. _____            2. _____
              Signature                              Number            Street

   _____               _____
   Name and Title (type or print)                   City/Town

   _____               _____
   Name if a corporation or other entity           State          ZIP Code

3. _____            3. _____
              Signature                              Number            Street

   _____               _____
   Name and Title (type or print)                   City/Town

   _____               _____
   Name if a corporation or other entity           State          ZIP Code

**Signatures must be in ink on an original document. Carbon copy, photocopy or rubber stamp signatures may only be used on conformed copies.**

Printed by authority of the State of Illinois. July 2005 –5M – LLC-4.8

# EXHIBIT F



**Internal Revenue Service** The Digital Daily
DEPARTMENT OF THE TREASURY

| | |

## Federal Tax ID / EIN

This is your provisional Employer Identification Number:

**20-4773663**

Today's Date is: April 27, 2006 GMT

You will receive a confirmation letter in U.S. mail within fifteen days.

The letter will also contain useful tax information for your business or organization.

If you have input any of the information on your application in error, please wait seven days and contact the EIN Toll Free area at 1-800-829-4933, Monday - Friday, 7:30am - 5:30pm. If you do not want to call, please make corrections on the letter you receive confirming your EIN and return it to the IRS.

If you are going to complete other on-line applications that require your Employer Identification Number(EIN) you can copy it by performing the following steps:

1) Use your mouse to highlight your EIN (blue number on top of page) by moving your pointer on top of the number.
2) Press the Ctrl key at the same time pressing the C key.

Once you copy your EIN you can paste it in the appropriate place by pressing the Ctrl key at the same time pressing the V key.

You may click on the buttons below for different print options or to fill out another Form SS-4.

Review and Print Form SS-4          Fill Out Another Form SS-4

Click here to return to the Internet Employer Identification Number landing (start) page.

| Form **SS-4** | **Application for Employer Identification Number** | | EIN |
|---|---|---|---|
| (Rev. December 2001) Department of the Treasury Internal Revenue Service | (For use by employers, corporations, partnerships, trusts, estates, churches, government agencies, Indian tribal entities, certain individuals, and others.) ► See separate instructions for each line. ► Keep a copy for your records. | | 20-4773663 |
| | | | OMB No. 1545-0003 |

| 1* Legal name of entity (or individual) for whom the EIN is being requested |
|---|
| NAVIGANT DEVELOPMENT LLC |

| 2 Trade name of business (if different from name on line 1) | 3 Executor, trustee, "care of" name |
|---|---|
| | |

| 4a* Mailing address (room, apt., suite no. and street, or P.O. box) 1419 N WELLS STREET | 5a Street address (if different) (Do not enter a P.O. box) |
|---|---|
| 4b* City, state, and ZIP code CHICAGO IL 60610 - | 5b City, state, and ZIP code |

| 6* County and state where principal business is located |
|---|
| County    COOK    State    IL |

| 7a* Name of principal officer, general partner, grantor, owner, or trustor ANTHONY TOMASKA | 7b* SSN, ITIN, EIN 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 |
|---|---|

**8a* Type of entity (check only one)**
- ☐ Sole Proprietor (SSN)
- ☑ Partnership
- ☐ Corporation (enter form number to be filed) ►
- ☐ Personal Service
- ☐ Church or church-controlled organization
- ☐ Other nonprofit organization (specify) ►
- ☐ Other (specify) ►
- ☐ Estate (SSN of decedent)
- ☐ Plan administrator (SSN)
- ☐ Trust (SSN of grantor)
- ☐ National Guard
- ☐ Farmers' cooperative
- ☐ REMIC
- ☐ State/local government
- ☐ Federal government/military
- ☐ Indian tribal government/enterprises

Group Exemption No. (GEN) ►

| 8b If a corporation, name the state or foreign country (if applicable) where incorporated | State | Foreign country |
|---|---|---|
| | | |

**9* Reason for applying (check only one)**
- ☑ Started new business (specify type) ► REAL ESTATE
- ☐ Hired employees (Check the box and see line 12)
- ☐ Compliance with IRS withholding regulations
- ☐ Other (specify) ►
- ☐ Banking purpose (specify purpose) ►
- ☐ Changed type of organization (specify new type) ►
- ☐ Purchased going business
- ☐ Created a trust (specify type) ►
- ☐ Created a pension plan (specify type) ►

| 10* Date business started or acquired (month, day, year) APR  21  2006 | 11* Closing month of accounting year DEC |
|---|---|

| 12 First date wages or annuities were paid or will be paid (month, day, year) Note:If applicant is a withholding agent, enter date income will first be paid to nonresident alien. (month, day, year) ................ ► |
|---|

| 13 Highest number of employees expected in the next twelve months Note:If the applicant does not expect to have any employees during the period, enter "-0-". ............ ► | Agriculture | Household | Other |
|---|---|---|---|
| | | | |

**14* Check box that best describes the principal activity of your business**
- ☐ Construction
- ☑ Real estate
- ☐ Other (specify) ►
- ☐ Rental & leasing
- ☐ Manufacturing
- ☐ Transportation & warehousing
- ☐ Finance & insurance
- ☐ Health care & social assistance
- ☐ Accommodation & food service
- ☐ Retail
- ☐ Wholesale-agent/broker
- ☐ Wholesale-other

| 15* Indicate principal line of merchandise sold; specific construction work done; products produced; or services provided. REAL ESTATE |
|---|

| 16a* Has the applicant ever applied for an employer identification number for this or any other business? ........... ☐ Yes ☑ No |
|---|
| Note If "Yes" please complete lines 16b and 16c |

| 16b If you checked "Yes" on line 16a, give applicant's legal name and trade name shown on prior application if different from line 1 or 2 above. Legal name  ► Trade name  ► |
|---|

| 16c Approximate date when, and city and state where, the application was filed. Enter previous employer identification number if known. |
|---|
| Approximate date when filed (month, day, year) | City and state where filed | Previous EIN |

| Third Party Designee | Complete section only if you want to authorize the named individual to receive the entity's EIN and answer questions about the completion of this form | Designee's telephone number (include area code) ( ) - |
|---|---|---|
| | Designee's name | |
| | Address and ZIP code | Designee's fax number (include area code) ( ) - |

| Under penalties of perjury,I declare that I have examined this application , and to the best of my knowledge and belief, it is true, correct, and complete. Name and title (type or print clearly) | Applicant's telephone number (include area code) |
|---|---|

# EXHIBIT G

Home >  Whois Lookup >  NavigantEnergy.com

## Whois Record for NavigantEnergy.com

Find out more about Project Whois and
DomainTools for Windows.

**DOMAINTOOLS** for Windows          **Download Now**

Access domain ownership records from your desktop

### ➤ Whois & Quick Stats

| | |
|---|---|
| **Email** | abuse@godaddy.com is associated with ~47,078,356 domains ↱ |
| | ajtomaska@theaterland.com is associated with ~162 domains |
| **Registrant Org** | Magnificent Mile Productions is associated with ~143 other ↱ |
| | domains |
| **Registrar** | GODADDY.COM, LLC |
| **Registrar Status** | clientDeleteProhibited, clientRenewProhibited, clientTransferProhibited, |
| | clientUpdateProhibited |
| **Dates** | Created on 2012-04-03 - Expires on 2016-04-03 - Updated ↱ |
| | on 2015-03-22 |
| **Name Server(s)** | NS63.DOMAINCONTROL.COM (has 38,592,298 domains) ↱ |
| | NS64.DOMAINCONTROL.COM (has 38,592,298 domains) |
| **IP Address** | 72.52.164.149 - 226 other sites hosted on this server ↱ |
| **IP Location** | ▨ - Michigan - Lansing - Liquid Web Inc. |
| **ASN** | ▨ AS32244 LIQUID-WEB-INC - Liquid Web, Inc. (registered Mar 26, 2004) |
| **Domain Status** | Registered And Active Website |
| **Whois History** | 25 records have been archived since 2012-04-04 ↱ |
| **IP History** | 4 changes on 5 unique IP addresses over 3 years ↱ |
| **Registrar History** | 1 registrar ↱ |
| **Hosting History** | 1 change on 2 unique name servers over 3 years ↱ |
| **Whois Server** | whois.godaddy.com |

**➖ Website**

| | |
|---|---|
| **Website Title** | ◯ Account Suspended |
| **Server Type** | Apache/2.2.27 (Unix) mod_ssl/2.2.27 OpenSSL/1.0.1e-fips mod_bwlimited/1.4 PHP/5.3.28 |
| **Response Code** | 200 |
| **SEO Score** | 68% |
| **Terms** | 7 (Unique: 5, Linked: 0) |
| **Images** | 0 (Alt tags missing: 0) |
| **Links** | 0   (Internal: 0, Outbound: 0) |

**Whois Record ( last updated on 2015-04-16 )**

```
Domain Name: NAVIGANTENERGY.COM
Registry Domain ID: 1710985682_DOMAIN_COM-VRSN
Registrar WHOIS Server: whois.godaddy.com
Registrar URL: http://www.godaddy.com
Update Date: 2015-03-22T14:55:12Z
Creation Date: 2012-04-03T15:27:34Z
Registrar Registration Expiration Date: 2016-04-03T15:27:34Z
Registrar: GoDaddy.com, LLC
Registrar IANA ID: 146
Registrar Abuse Contact Email: abuse@godaddy.com
Registrar Abuse Contact Phone: +1.480-624-2505
Domain Status: clientTransferProhibited http://www.icann.org/epp#clientTransferPr
ohibited
Domain Status: clientUpdateProhibited http://www.icann.org/epp#clientUpdateProhib
ited
Domain Status: clientRenewProhibited http://www.icann.org/epp#clientRenewProhibit
ed
Domain Status: clientDeleteProhibited http://www.icann.org/epp#clientDeleteProhib
ited
Registry Registrant ID:
Registrant Name: Anthony Tomaska
Registrant Organization: Magnificent Mile Productions
Registrant Street: 1419 N Wells St
Registrant Street: 2nd Floor Rear
Registrant City: Chicago
Registrant State/Province: Illinois
Registrant Postal Code: 60610
Registrant Country: United States
Registrant Phone: 3124937200
Registrant Phone Ext:
Registrant Fax: 3126023913
Registrant Fax Ext:
Registrant Email: ajtomaska@theaterland.com
Registry Admin ID:
Admin Name: Anthony Tomaska
Admin Organization: Magnificent Mile Productions
Admin Street: 1419 N Wells St
Admin Street: 2nd Floor Rear
Admin City: Chicago
```

```
Admin State/Province: Illinois
Admin Postal Code: 60610
Admin Country: United States
Admin Phone: 3124937200
Admin Phone Ext:
Admin Fax: 3126023913
Admin Fax Ext:
Admin Email: ajtomaska@theaterland.com
Registry Tech ID:
Tech Name: Anthony Tomaska
Tech Organization: Magnificent Mile Productions
Tech Street: 1419 N Wells St
Tech Street: 2nd Floor Rear
Tech City: Chicago
Tech State/Province: Illinois
Tech Postal Code: 60610
Tech Country: United States
Tech Phone: 3124937200
Tech Phone Ext:
Tech Fax: 3126023913
Tech Fax Ext:
Tech Email: ajtomaska@theaterland.com
Name Server: NS63.DOMAINCONTROL.COM
Name Server: NS64.DOMAINCONTROL.COM
DNSSEC: unsigned
URL of the ICANN WHOIS Data Problem Reporting System: http://wdprs.internic.net/

For more information on Whois status codes, please visit
https://www.icann.org/resources/pages/epp-status-codes-2014-06-16-en
```

## Tools

| Whois History |
|---|

| Hosting History |
|---|

| Monitor Domain Properties | ▼ |
|---|---|
| Reverse Whois Lookup | ▼ |
| Reverse IP Address Lookup | ▼ |
| Reverse Name Server Lookup | ▼ |

| Network Tools | ▼ |
|---|---|

| Buy This Domain ▼ |
|---|

| Visit Website |
|---|

| ⬇ Preview the Full Domain Report |
|---|

| Queue Screenshot for Addition |
|---|

## Available TLDs

**General TLDs**    Country TLDs

4/16/2015                           NavigantEnergy.com WHOIS, DNS, & Domain Info - DomainTools

The following domains are available through our preferred partners. Select domains below for more information. (3rd party site)

☐ Taken domain.
☐ Available domain.
☐ Deleted previously owned domain.

| NavigantEnergy.com |                    View Whois

| NavigantEnergy.net |                    View Whois

| NavigantEnergy.org |                    Buy Domain

| NavigantEnergy.info |                   Buy Domain

| NavigantEnergy.biz |                    Buy Domain

| NavigantEnergy.us |                     Buy Domain



Sitemap   Blog   Terms of Service   Privacy Policy   Contact Us   Domain News      © 2015 DomainTools